## In re ZECHER et al.
### Patent Appeal No. 3280.

Court of Customs and Patent Appeals.
April 16, 1934.

Frederick Transom, of Washington, D. C. (Thomas H. Brown, of Hoboken, N. J., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellants filed their application in the United States Patent Office for a patent on certain improvements in "gas-filled incandescent cathode discharge tubes." Both tribunals in the Patent Office rejected claims 13, 14, 15, 16, and 19 of the application, and the applicants have appealed. The rejection was made upon the following references:

Kruh, 1,032,914, July 16, 1912,

Birdsall 1,291,379, January 14, 1919,

George, 1,671,109, May 29, 1928.

Claims 13 and 19 are typical and are as follows:

"13. An electric discharge tube comprising in combination a wall consisting at least partly of a material transparent to ultra-violet rays, a solid incandescent cathode, at least one solid anode, a quantity of mercury and a gas."

"19. An electric discharge tube as specified in claim 13 in which the temperature of the discharge, at the tension employed, is of the order of magnitude of some hundreds of degrees C."

The disclosure of the application is an electric discharge tube having an outer glass wall, and an inner quartz wall transparent to ultra-violet rays. The tube is so arranged that objects which are to be treated with ultra-violet rays may be inserted within the interior of the quartz tube and subjected to the action of the rays. The tube has one cathode, two principal anodes, and one auxiliary anode situated close to the cathode, used in starting the discharge within the tube. The cathode is, preferably, constituted by a tungsten helix which has wound on it a nickel wire, and the cathode is superficially coated with barium oxide. The discharge tube contains a small quantity of mercury and argon, the argon being to facilitate the discharge. The tube is elongated and the quartz tube forms a recess within the interior of the discharge tube, the quartz inner recessed portion being connected with the glass, or outer portion, by a plurality of glass rings, which, from the quartz onward to the glass, have an increasing coefficient of expansion.

The Board of Appeals was of opinion that the rejected claims were unpatentable over the reference Kruh when considered with the reference George. The board was further of the opinion that claims 13, 14, and 19 were unpatentable over Birdsall and that claim 15 was properly rejected on Birdsall in view of Kruh.

The reference Kruh discloses a discharge tube having one incandescent cathode and two anodes, one of these being auxiliary, a body of mercury within the tube, and the cathode coated with an oxide.

The patent to George makes a complete disclosure of the use of quartz envelopes as a source of ultra-violet rays. This patent also fully discloses the use of mercury and of an inert gas, such as argon or neon, to insure easy lighting and starting of the mercury lamp. The patent to Birdsall also fully discloses the use of a quartz envelope, together with mercury and a rare gas, in thermionic converters. The reference patents also disclose the use of solid anodes.

A reading of claims 13, 14, 15, and 16 discloses that every element in these claims is anticipated by the prior art, as shown by the references. The said claims are so drawn that they will read upon a glass tube equally as well as upon a quartz tube. It is shown by the record that glass is transparent to ultra-violet rays to a certain degree. Even if this were not true, the claims are so drawn that the references, inasmuch as they disclose the use of quartz envelopes, fully cover the field of these claims.

Claim 19 is framed along a somewhat different line. It will be observed that this claim recites that the temperature of the discharge at the tension employed "is of the order of magnitude of some hundreds of degrees C." The Board of Appeals refers to this language as being "too indefinite to add anything patentable to the claim." We find ourselves in agreement with this suggestion. This language is too broad and comprehensive to be patentable to the appellants here, upon their present disclosure. It may be that the appellants have patentable subject-matter, if the claims of their application were specific as to their structure. However, inasmuch as they have chosen to make them broad, and thus bring them within the scope of the prior art, the rejection of their claims was proper, and the decision of the Board of Appeals is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.